UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-23765-CIV-MORENO

OLGA GARCIA,

    Plaintiff,

vs.

BAPTIST HEALTH SOUTH FLORIDA, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Baptist Health South Florida, Inc.'s Motion for Partial Dismissal or, in the Alternative, Motion for a More Definite Statement **(D.E. No. 7)**, filed on **November 15, 2012**. In its motion, Baptist Health contends that Plaintiff Olga Garcia cannot proceed on her claims of discriminatory termination and retaliation as she failed to exhaust her administrative remedies as to those allegations. For the following reasons, the Court agrees that Garcia failed to exhaust her administrative remedies and therefore grants Baptist Health's motion for partial dismissal.

### I. FACTUAL BACKGROUND

At some point not later than 2009,[1] Plaintiff Garcia began working as a Certified Nursing Assistant for Defendant Baptist Health South Florida. Garcia herself is of Honduran descent. During this time, she worked under the supervision of Marlene Cambel-Smith, a black individual of Jamaican descent.

---

[1] Garcia's complaint states that she began working for Baptist Health on November 27, 2009. Yet she filed her Charge of Discrimination on October 19, 2009.

In her complaint, Garcia claims that Cambel-Smith and Baptist Health discriminated against her due to her race and national origin. In particular, she states that she requested training to become a Patient Care Technician 2, a position involving increased compensation. Garcia alleges that Cambel-Smith denied her requests while simultaneously permitting other black workers of Haitian and Jamaican descent to receive the training.

On October 19, 2009, Garcia filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Checking the boxes for "race" and "national origin" discrimination, she alleged:

> I am a 60 yr [sic] old Honduran/Hispanic female.
> I was discriminated against by my employer Baptiste [sic] Health South Hospital through my manager Marlene Smith, whom is no-Hispanic [sic] and of the Black race; based on the fact that I am a Hispanic from Honduras.
> By way of discriminatory conduct, I have been humiliated an [sic] accused me pretext to seemingly rid me of my position. On numerous occasions I have requested to Mrs. Smith to provide me or allow me to be trained as a PCT2 (Patient Care Technician 2). She refuses. PCT2 pays more and would allow me to perform my duties more efficiently. I have witnessed Marlene Smith allowing other employees whom are black non-Hispanic take advantage of this training, while refusing me. Marlene Smith has also affected my wages by her not approving overtime hours which were worked. Currently I am still owed for the hours she refuses to approve. I have suffered monetary and emotional damages based on this discrimination described herein.
> I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act, and local laws.

Def.'s Mot. to Dismiss Ex. 1.

Following the filing of the charge, Garcia contends that she suffered additional acts of discrimination and retaliation. Specifically, she asserts that in December 2009 Cambel-Smith denied her request for light duty after she suffered a work-related injury, despite the fact that Cambel-Smith granted light-duty assignments to two other black coworkers. In July 2010,

Garcia complained to Baptist Health's Human Resources Department about Cambel-Smith. When Cambel-Smith became aware of Garcia's complaints, she reprimanded Garcia for actions that other black coworkers had also committed. Finally, when Garcia took time off in December 2010 to care for her dying husband, Cambel-Smith issued a written reprimand against her for not seeking approval even though a black coworker took leave on the same day without approval and without reprimand.

On January 7, 2011, Baptist Health terminated Garcia's employment. She thereafter filed this suit against Baptist Health on October 16, 2012 alleging violations of the federal Civil Rights Act of 1866 and the Florida Civil Rights Act of 1992 ("FCRA"). At issue in the present matter are Counts II, III, and IV. Garcia claims in Counts II and III that Baptist Health violated the FCRA by committing acts of discrimination, including her termination, on the basis of race and national origin respectively. She further argues in Count IV that her termination constituted retaliation in violation of the FCRA for her complaints to Baptist Health's Human Resources Department.

Baptist Health now moves to dismiss Counts II, III, and IV for failure to exhaust administrative remedies as required by the FCRA. In particular, Baptist Health maintains that because Garcia did not raise the matter of her termination in her EEOC charge, she is barred from pursuing her termination claims in federal court. Alternatively, Baptist Health seeks a more definite statement for Counts II and III under Federal Rule of Civil Procedure 12(e), arguing that Garcia's complaint improperly merges her claims of discriminatory termination with other discriminatory acts.

## II. LEGAL STANDARD

Section 760.10(1) of the FCRA states that it is unlawful for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." Fla. Stat. § 760.10(1)(a) (2012). In addition, the FCRA prohibits an employer from "discriminat[ing] against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section." *Id.* § 760.10(7).

"[P]rior to filing suit alleging violations of the FCRA," a plaintiff "must timely file a charge of discrimination with the [Florida Commission on Human Relations ("FCHR")]." *Rivera v. Avis Budget Car Rental, LLC*, No. 8:11-cv-1676-T-33EAJ, 2012 U.S. Dist. LEXIS 65481, at *7 (N.D. Fla. May 10, 2012); *see also* Fla. Stat. § 760.11(1) (stating that "[a]ny person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with the [FCHR] within 365 days of the alleged violation"). In lieu of filing a charge with the FCHR, a plaintiff may also file a complaint with the EEOC. *Id.* § 760.11(1). As the FCRA provides an administrative remedy, an "action for equitable relief and damages . . . may be initiated only after the plaintiff has exhausted his or her administrative remedy." *Id.* § 760.07.

Because the FCRA is "patterned after Title VII of the Civil Rights Act of 1964," Florida courts will look to federal case law interpreting Title VII to guide their interpretations of the FCRA. *Valenzuela v. GlobeGround N. Am., LLC*, 18 So. 3d 17, 21 (Fla. Dist. Ct. App. 2009).

Indeed, "[i]t is well settled that when Florida statutes are adopted from an act of Congress, the Florida Legislature also adopts the construction placed on that statute by the federal courts insofar as that construction is not inharmonious with the spirit and policy of Florida's general legislation of the subject." *Green v. Burger King Corp.*, 728 So. 3d 369, 370 (Fla. Dist. Ct. App. 1999).

### III. DISCUSSION

In its motion to dismiss, Baptist Health challenges Garcia's allegations of discriminatory wrongful termination on the basis of race and national origin in Counts II and III respectively. Additionally, it seeks dismissal of her retaliation claim in Count IV. Collectively, Baptist Health stresses that these allegations pertain to the discrete discriminatory act of Garcia's termination, an act that Garcia did not mention in her EEOC charge because it occurred after she filed the charge. Relying on the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), Baptist Health contends that a plaintiff must exhaust his or her administrative remedies for discrete discriminatory acts occurring after the filing of an EEOC charge. Accordingly, since Garcia did not file a separate EEOC charge for her termination, Baptist Health asserts that she cannot now maintain her claims for wrongful termination or retaliation. Furthermore, it urges the Court to dismiss the claims because the 365-day period under Florida law for filing a charge relating to her termination has passed.

Garcia responds to Baptist Health's motion by highlighting a number of district court decisions within the Eleventh Circuit for the proposition that "when a retaliation claim is based on adverse actions taken against the employee *after* the initial EEOC charge is filed, . . . the retaliation claim grows out of a properly filed employment discrimination charge, and it is not

necessary for a plaintiff to file a second charge specifically alleging retaliation." *Houston v. Army Fleet Servs.*, 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007). She further argues that it would be impractical to require a second EEOC charge where her retaliation claim grows out of the discrimination charge, thus presenting a reasonable connection between her complaint and the original charge.

In light of Title VII's exhaustion requirement that a plaintiff file a charge with the EEOC before filing a complaint in federal court, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Hum Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2002), *overruled en banc in part on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003)). Nevertheless, courts in the past have been "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 461 (5th Cir. 1970)).[2] Accordingly, courts traditionally have not been inclined to strictly interpret the scope of an EEOC charge. *See Houston*, 509 F. Supp. 2d at 1042.

However, in interpreting the filing requirements of Title VII, the Supreme Court held in its 2002 *Morgan* decision that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 113. For this reason, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* Discrete discriminatory acts include "termination, failure to promote, denial of

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981).

transfer, or refusal to hire." *Id.* at 114. Thus the Court found in *Morgan* that a plaintiff could not maintain an action for discrete discriminatory acts that occurred before the 300-day timely filing period for filing a charge with the EEOC. *See id.*

Yet the Court's opinion did not address whether its rule equally barred actions for discrete discriminatory acts that occurred *after* the plaintiff filed his or her EEOC charge. The Eleventh Circuit itself has not conclusively addressed this issue. *See Terhune v. Potter*, No. 8:08-cv-1218-T-23MAP, 2009 U.S. Dist. LEXIS 66343, at *8 n.1 (M.D. Fla. July 31, 2009). Not surprisingly, post-*Morgan* district court decisions within the Eleventh Circuit have resulted in a stark split of opinion. At least one district court has followed the Tenth Circuit and interpreted *Morgan* to bar non-exhausted, discrete discriminatory acts occurring after a plaintiff files his or her EEOC charge. *See Haugabrook v. Valdosta City Sch.*, No. 7:10-CV-60 (HL), 2012 U.S. Dist. LEXIS 39212, at *16 (M.D. Ga. Mar. 22, 2012) ("The law is clear that a discrete incident of discriminatory treatment, like the failure to promote, is 'its own "unlawful employment practice" for which administrative remedies must be exhausted.'" (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003))). Additionally, shortly after the Supreme Court ruled in *Morgan*, the Eleventh Circuit intimated that it considered *Morgan* to require exhaustion of post-charge, discrete discriminatory acts. *See Equal Emp't Opportunity Comm'n v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 n.5 (11th Cir. 2002). Specifically, the court noted that "Title VII requires a charge to be filed 'after the alleged unlawful employment practice occurred,'" and that "'occurred' means that the practice took place or happened in the past." *Id.* (quoting 42 U.S.C. § 2000e-5(e)(1) (2002); *Morgan*, 536 U.S. at 109). Moreover, this Court has held without relying on *Morgan* that "after a charge is filed with the EEOC, allegations of new acts of discrimination

are inappropriate." *Ramsay v. Broward Cnty. Sheriff's Office*, No. 05-61959-CIV-MARRA/JOHNSON, 2007 U.S. Dist. LEXIS 98428, at *17 (S.D. Fla. May 24, 2007). Nevertheless, this Court went on to state in *Ramsay* that a plaintiff may not need to separately exhaust a subsequent act of retaliation "when [the act] grows out of an administrative charge that is properly before the court." *Id.* at *25 (quoting *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981)).

In certain instances the district courts of the Eleventh Circuit have also applied the reasoning of *Morgan* to bar post-charge acts of retaliation for which the plaintiff did not initiate a separate EEOC charge. For instance, categorizing incidents of retaliation as discrete discriminatory acts, the Middle District of Florida utilized the *Morgan* decision to dismiss a plaintiff's claim for post-charge retaliation. *See Terhune*, 2009 U.S. Dist. LEXIS 66343, at *12–13. Although acknowledging the split within the Eleventh Circuit, the court determined that "*Morgan*'s analysis also applies to discrete acts after an initial EEO charge" as "no relevant distinction exists 'between *Morgan*'s holding that plaintiffs may not revive a stale discrimination claim by tying it to a timely-filed claim, and . . . [an argument permitting plaintiffs] to avoid the requirement of exhaustion merely because [their] latest act of alleged discrimination . . . is tied to earlier, exhausted complaints." *Id.* at *8 & n.1. At least two other cases among Eleventh Circuit district courts have resulted in similar decisions regarding post-charge retaliation claims. *See Casiano v. Gonzales*, No. 3:04CV67/RV/MD, 2006 U.S. Dist. LEXIS 3593, at *52 (N.D. Fla. Jan. 31, 2006) ("While *Morgan* involved time barred acts that occurred prior to the filing of an EEO complaint, the holding of the case applies equally to time barred acts occurring after a complaint has been filed."); *Green v. Office of the Sheriff's Office*, No. 3:99-CV-658-J-21-HTS,

2002 U.S. Dist. LEXIS 26485, at *8–9 (M.D. Fla. Nov. 8, 2002) ("[*Morgan*] thus held that acts of discrimination or retaliatory adverse employment action—whether termination, failure to promote, or denial of transfer—occurring after the filing of the administrative complaint must separately be made the subject of an administrative complaint in order to comply with § 2000e-5(e)(1)'s requirement.").

Despite these decisions, several district courts within the Eleventh Circuit have declined to apply *Morgan* to post-charge retaliation claims. These courts have insisted that "*Morgan* did not address the issue of whether related, after-occurring incidents can be included within the scope of a timely filed administrative complaint." *See, e.g.*, *Sumrall v. Potter*, No. 4:03cv103-SPM, 2007 U.S. Dist. LEXIS 29281, at *3–4 (N.D. Fla. Apr. 22, 2007). Consequently, the courts have chosen instead to follow this Circuit's pre-*Morgan* case law that permits "a related, after-occurring incident of retaliation [to] be included within the scope of a timely filed administrative complaint." *Id.* at *4 (citing *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168–69 (11th Cir. 1988)); *see also Lewis v. Eufaula City Bd. of Educ.*, No. 2:11cv1093-MHT (WO), 2012 U.S. Dist. LEXIS 171504, at *34 (M.D. Ala. Dec. 4, 2012) ("[I]t is settled law that 'it is unnecessary for a plaintiff to [file a subsequent EEOC charge before raising in federal court] a retaliation claim growing out of an earlier charge.'" (quoting *Baker*, 856 F.2d at 169)).

As noted earlier, this Court has similarly endorsed the application of the Eleventh Circuit's pre-*Morgan* case law to post-charge retaliation claims. *See Ramsay*, 2007 U.S. Dist. LEXIS 98428, at *25. Thus, the Court has permitted plaintiffs to proceed on non-exhausted, post-charge retaliation claims if the claims "grow 'out of an administrative charge that is properly before the court.'" *Charles v. AFSCME Local 121*, No. 09-22279-CIV-GARBER, 2010 U.S.

Dist. LEXIS 51592, at *16 (S.D. Fla. May 21, 2010) (quoting *Baker*, 856 F.2d at 168). A post-charge claim is said to grow out of, or is reasonably related to, the claims in an EEOC charge if "(1) the subsequent conduct would fall within the reasonably expected scope of the EEOC investigation of the administrative charges; [or] (2) the claim is one alleging retaliation against the employee for filing an EEOC charge." *Paine v. Domino's Pizza, LLC*, No. 10-23158-CIV-KING, 2011 U.S. Dist. LEXIS 31217, at *6 (S.D. Fla. Mar. 24, 2011) (quoting *Ward v. Florida*, 212 F. Supp. 2d 1349, 1357 (N.D. Fla. 2002)).

The Middle District of Alabama appears to have gone even further, permitting all post-charge retaliations to go forward without separate exhaustion, whether related to the original charge or not:

> [W]hen a retaliation claim is based on adverse actions taken against the employee after the initial EEOC charge is filed, it can be said that the retaliation claim grows out of a properly filed employment discrimination charge, and it is not necessary for a plaintiff to file a second charge specifically alleging retaliation.

*Houston*, 509 F. Supp. 2d at 1043 (citing *Baker*, 856 F.2d at 169). The Middle District of Florida has recently reaffirmed this position, considering post-charge retaliation claims to "grow out of" properly filed discrimination charges. *See Moore v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 544 F. Supp. 2d 1291, 1306 (M.D. Fla. 2008) (quoting the language from *Houston* to support its ruling that a plaintiff did not have to file a separate EEOC charge to exhaust her administrative remedies for a post-charge retaliation claim). In addition, this Court on at least one occasion has applied this reasoning, holding that "it is not necessary for a plaintiff to have filed a charge with the EEOC to preserve the right to subsequently litigate a retaliation claim" where the retaliation claim is "predicated upon adverse actions occurring after the initial EEO charge was filed."

*Pizzini v. Napolitano*, No. 10-61498-CIV-LENARD/Turnoff, 2011 U.S. Dist. LEXIS 68424, at *10 (S.D. Fla. June 17, 2011) (citing *Houston*, 509 F. Supp. 2d at 1043). In such a case, the "retaliation claim is considered to stem from the employment discrimination charge." *Id.* (citing *Houston*, 509 F. Supp. 2d at 1043).

Without reaching the question of whether *Morgan* applies to bar non-exhausted, post-charge acts of discrimination and retaliation, the Court grants Baptist Health's motion to dismiss the termination claims in Counts II and III. As an act of discrimination, Garcia's claims regarding her termination in these Counts pertain to a discrete act of discrimination that occurred after she filed her charge. As this Court held in *Ramsay*, "after a charge is filed with the EEOC, allegations of new acts of discrimination are inappropriate." *Ramsay v. Broward Cnty. Sheriff's Office*, 2007 U.S. Dist. LEXIS 98428, at *17. For this reason, the Court dismisses Garcia's claims for discriminatory termination.

Regarding Garcia's retaliation claim in Count IV, the Court presumes that the Eleventh Circuit's pre-*Morgan* case law applies to the instant case as the Court of Appeals has yet to conclusively rule on the matter. Namely, the Court premises its decision on an analysis of whether Garcia's retaliation claim grows out of, or is reasonably related to, the claims asserted in her EEOC charge. In the absence of a more concrete stance from the Eleventh Circuit, the Court declines to adopt the more extreme position articulated by the Middle District of Alabama in *Houston* permitting all post-charge retaliation claims to proceed regardless of their degree of relation to the original charge.

With this legal framework in mind, the Court also grants Baptist Health's motion to dismiss Garcia's retaliation claim in Count IV. Garcia claims that Baptist Health terminated her

in retaliation because she "complained to [Baptist Health's] Human Resources Department about the employment discrimination." Compl. ¶ 82–83. Significantly, Garcia does not claim that Baptist Health terminated her in retaliation for filing her EEOC charge. As her retaliation claim stems not from the filing of her prior EEOC charge, but instead from a distinct action taken after she filed her charge, the Court cannot conclude that her allegation grows out of her EEOC charge. *See White v. Potter*, No. 1:06-CV-1759-TWT-AJB, 2007 U.S. Dist. LEXIS 102731, at *25–27 (N.D. Ga. Mar. 19, 2007) ("Since [the] alleged retaliation stems from Plaintiff's threat to complain and not his filing of the EEO charge, the retaliation claims stemming from work assignments and denial of overtime do not grow out of the EEO charge. As a result, Plaintiff needed to file an additional EEO complaint to exhaust his administrative remedies for these claims."). Thus the Court likewise dismisses Garcia's retaliation claim in Count IV for failure to exhaust administrative remedies.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Defendant Baptist Health's Motion for Partial Dismissal or, in the Alternative, Motion for a More Definite Statement **(D.E. No. 7)**, filed on **November 15, 2012**, is GRANTED. The Court therefore dismisses Garcia's discriminatory termination claims in

Counts II and III, as well as her retaliation claim in Count IV. Garcia shall file an amended complaint with the Court no later than **March 13, 2013**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of February, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record